NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS RODOLFO RAMOS MARISCAL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1710

Agency No.
A098-177-869

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2025
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Petitioner, Luis Rodolfo Ramos Mariscal, has filed a petition for review

contending that the Board of Immigration Appeals ("BIA") erred in considering

the evidence supporting his motion to reopen immigration proceedings. Ramos

Mariscal also contends that the BIA erred by failing to explain its reasoning why

equitable tolling does not apply in light of a change in law. We "review denials of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motions to reconsider or reopen for abuse of discretion." *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024). The BIA abuses its discretion when it "act[s] arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

1. Ramos Mariscal moved to reopen his case so that he could seek cancellation of relief under the Violence Against Women Act ("VAWA"). VAWA provides, in relevant part, that a petitioner is eligible for cancellation of removal if the petitioner can demonstrate that he "is the parent of a child of a United States citizen and the child has been battered or subjected to extreme cruelty by such citizen parent[.]" 8 U.S.C. § 1229b(b)(2)(A)(i). To make a *prima facie* case for cancellation of removal under VAWA, a petitioner must demonstrate "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). The BIA denied Ramos Mariscal's petition because he did not submit adequate evidence (1) that his daughter was subjected to battery or extreme cruelty and (2) that his daughter's mother was a United States citizen.

2. To demonstrate that his daughter was battered or subjected to extreme cruelty, Ramos Mariscal submitted a declaration alleging that the daughter's mother used dangerous drugs in the daughter's presence. The BIA acknowledged Ramos Mariscal's allegations but stated that "even accepting the credibility of the

respondent's declaration, the declaration itself shows that these assertions are not based on his personal knowledge or experience, and the respondent has not set forth the factual basis of these assertions." Also, Ramos Mariscal does not describe how the mother's drug use constituted a battery or extreme abuse. While drug use could contribute to an unsafe environment for a child, drug use in the presence of a child *alone* does not rise to the level of extreme mistreatment displayed in cases where cancellation of removal under VAWA was granted. *Compare Hernandez v. Ashcroft*, 345 F.3d 824, 838-39 (9th Cir. 2003). The BIA did not act arbitrarily or irrationally in concluding that Ramos Mariscal's unsupported and conclusory declaration did not give rise to "a reasonable likelihood that the petitioner would prevail on the merits[.]" *Fonseca-Fonseca*, 76 F.4th at 1179. There was no abuse of discretion in the BIA's conclusion.

3. Because we uphold the BIA's denial of reopening based on the lack of evidence that Ramos Mariscal's daughter was battered or subjected to extreme cruelty, we need not consider whether Ramos Mariscal submitted adequate evidence of the United States citizenship of his daughter's mother. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (*per curiam*).

4. Ramos Mariscal also contends the BIA erred by failing to analyze why the change in law represented by *Niz-Chavez v. Garland*, 141 S.Ct. 1474 (2021) did not constitute extraordinary circumstances for the purposes of equitable tolling. To

qualify for equitable tolling, a petitioner must demonstrate "some extraordinary circumstance stood in the petitioner's way and prevented timely filing, and he acted with due diligence in pursuing his rights." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (citation omitted). In *Niz-Chavez*, the Supreme Court held that, if an immigration applicant receives an NTA that fails to specify the place, date, and time of the first immigration proceeding, then that NTA is insufficient to stop the accrual of time for the purposes of demonstrating ten years' continuous physical presence in the United States, as required for cancellation of removal. *See* 593 U.S. at 155. Although changes in law *may* qualify as an extraordinary circumstance, *see Lona v. Barr*, 958 F.3d 1225, 1230-31 (9th Cir. 2020), the BIA found that the change in law from *Niz-Chavez* would not have impacted Ramos Mariscal's original proceeding because he had not been in the country 10 years, even if time accrued through the entirety of his original proceeding. The change in law had no causal connection to the petitioner's ability to seek relief.

**DENIED.**